### *William Gilliland* v. *Joseph Morrell.*

THE affidavit that was read stated, that in *October*, 1802, a motion was made on the part of the defendant for judgment, as in a case of nonsuit ; which no one appearing to oppose, was granted as of course. The judgment, thus taken, was, in the same term, set aside by the plaintiff, on the usual terms of stipulating to try the next circuit, and paying the costs of not proceeding to trial. The stipulation was entered into, the costs taxed, and demanded, but not paid, and now continued unsatisfied.; that, therefore, and as the defendant's only witness could not be found, he did not attend by himself or attorney, at the last circuit in *April.*

On these facts duly sworn to, and on an affidavit of the defendant, that he had a good and substantial defence, as informed by his counsel, which he verily believed to be true ; that on the merits, the plaintiff could not recover, and that a material witness was wanting, without whose testimony the defendant could not proceed to trial, but which he could procure by the next circuit,

*Van Vechten* moved to set aside the verdict, and grant a new trial.

*Woodworth*, contra, produced a certificate from the clerk of the circuit court, that the trial of the above cause was had on the eighth day of *April* last,

when Mr. *Van Vechten* appeared for Mr. *Fisk*, attor-
ney for the defendant.    On this, he contended, every
irregularity was waived, and the verdict must stand,
otherwise the chance of a verdict might be taken at
any time after a little advantage obtained, and in
case of a want of success, a motion to set it aside re-
sorted to.

*Per Curiam.*    This is an application to set aside a
verdict.    There are many facts stated.    With re-
spect to the entry of the rule for setting aside the
judgment, as in case of nonsuit, there may be some
doubt : The clerk finds no rule entered, but as there
was a stipulation filed, the court take it for granted
that it was on the usual terms.    It is necessary, how-
ever, that in all cases of stipulation, there should be
a demand of costs ; this demand should be accompa-
nied with a copy of the rule, and if the costs be not
paid in twenty days after, then the party may enter
up judgment of nonsuit, and take the effect of his
application.    The defendant swears, that he did
present a bill of costs, but does not say it was with a
copy of the rule annexed ; this, too, was on the
agent, and not on the party, or his attorney.    The
defendant, therefore, has not been correct in his
proceedings, and if the demand was not regular, the
plaintiff was regular in noticing his cause for last
*April*, and bringing it on to trial.    But, admitting
that in so doing, he had been guilty of an irregularity,
the defendant's appearing on the trial, is a waiver of
all advantage to which he might, otherwise, have
been entitled.    It was decided last term, in the case
of *Brain* v. *Rodelicks and Shivers*,* that if a party    * *Ante*, p. 176.
appear, he waives all irregularity.    But it has been

shown there was not any ; and if there was, the con-
duct of the defendant, has placed the case in the same
situation as if there was not. The plaintiff, therefore,
is regular. Against this, is read an affidavit of mer-
its : on such an affidavit, the court will not set aside
a regular verdict. There is no irregularity ; the de-
fendant appeared, and has shown no excuse why he
did not defend ; for if his witness could not have
been obtained, the court, on the common affidavit,
would have put off the trial. The defendant must
take nothing by his motion.